WHITFORD, BARTLETT & CO. *vs.* WALTER E. TOWNSEND, Admr.

JUNE 3, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)  *Exceptions.  Transcript of Evidence.*

An appeal from a decree of a probate court was tried by a justice of the Superior Court without a jury, and April 30, 1910, the court announced decision denying the appeal.  May 2, the justice recalled the rescript and May 5, filed a second decision reversing the former decision and sustaining the appeal.  Appellee excepted to this decision;

*Held,* that inasmuch as no transcript of evidence had been allowed, and no petition to establish the truth of the transcript had been filed in the Supreme Court, the exceptions could not be considered.

(2)  *Recall of Decision of Superior Court.*

Following *Ashaway National Bank* v. *Superior Court,* 28 R. I. 355, the action of the court in recalling the rescript after decision was without statutory authority.

(3)  *Stipulated Evidence.  Agreed Statement of Facts.*

Among the papers in a cause heard by a justice of the Superior Court without a jury, on a probate appeal, was one signed by counsel of the respective parties, with the following stipulation:  "It is agreed that the following statement is a true and proper statement of the testimony in said case".

*Held,* that if considered as a stipulation as to the evidence offered in the probate court, there was no authority giving the Superior Court jurisdiction to decide a cause upon such an instrument, and if considered as an agreed statement of facts under Gen. Laws, 1909, cap. 298, § 4, there was no authority for a decision of the cause in the Superior Court.

PROBATE APPEAL.  Heard on exceptions of appellee and dismissed.

BLODGETT, J.  T his is an appeal from a decree of the Probate Court of the city of Pawtucket holding that a claim of Whitford,

Bartlett & Co. against the estate of one Thomas Murray was barred by the statute of limitations and was tried by a justice of the Superior Court (jury trial being waived) on April 20, 1910. The record shows that on April 30, 1910, the court announced its decision, the conclusion of which is as follows: "The appeal is denied and dismissed and the decree of the Probate Court confirmed," and notice of said decision was mailed by the clerk of said court to the counsel for the respective parties on the same day. On May 2, 1910, the justice who heard the cause in said court recalled the rescript announcing said decision and on May 5, 1910, filed with the clerk a second decision reversing the former decision and concluding as follows: "We therefore feel obliged to sustain the appeal of the appellant." The appellee duly excepted to the second decision and the case is brought here on his bill of exceptions.

The exceptions must be dismissed for several reasons.

(1) Inasmuch as no transcript of evidence has ever been allowed by the justice who heard the cause and no petition to establish the truth of the transcript has ever been filed in this court, we are unable to consider his exceptions. *Paull* v. *Paull*, 30 R. I. 253.

(2) The exceptions are taken to the second decision rendered on May 5, 1910. In *Ashaway National Bank* v. *Superior Court*, 28 R. I. 355, 359, it was stated by this court: "We find no statutory authority for the position that cases may be held for advisement after decision therein has been recorded or that cases may be redecided from time to time at the option of the court."

Among the papers in the case we find one entitled only as follows: "Superior Court, Providence, Sc. *In Re* Estate of Thomas Murray. It is hereby agreed and stipulated that the following statement is a true and proper statement of the testimony in said case." . . This paper purports to be signed by the counsel of record of the respective parties and appears by the filemark thereon to have been filed in the office of the clerk of the Superior Court for Providence County on April 20, 1910, but is not otherwise in any way authenticated. We are

consequently unable to determine its effect. If it is considered as a stipulation as to the evidence offered in the Probate Court of Pawtucket, we know of no provision of law giving jurisdiction to the Superior Court to decide a cause upon such an instrument. If it is an agreed statement of facts as provided for in sec. 4, cap. 298, Gen. Laws, 1909,—the provisions of said section are as follows: . "Whenever a civil action, pending in a district court or in the Superior Court, is at issue on its merits, and the parties shall file in the clerk's office an agreed statement of the facts in such action, the court shall certify the action to the Supreme Court to be there heard and determined," and we know of no statutory authority for a decision of the cause in the Superior Court.

While appellee's bill of exceptions must be dismissed, the case must be remitted to the Superior Court for further proceedings.

*Bassett & Raymond,* for appellant.

*Hugh J. Carroll,* for appellee.